IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br><br>v.<br><br>VERNON WEBSTER (01),<br><br>      Defendant. | Case No. 24-20056-01-DDC |

### MEMORANDUM AND ORDER

Defendant Vernon Webster has filed a pro se[1] Motion to Reduce Sentence (Doc. 31). The motion (implicitly) invokes 18 U.S.C. § 3582(c)(2), which authorizes the court to reduce a sentence "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission[.]" Mr. Webster asserts that the Sentencing Commission lowered his sentence with its retroactive Amendment 821 to the Sentencing Guidelines.[2]

Amendment 821 reduces the criminal-history points a defendant receives if he committed the offense "while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status." United States Sentencing Commission,

---

[1] People in prison "who proceed pro se . . . are entitled to liberal construction of their filings[.]" *Toevs v. Reid*, 685 F.3d 903, 911 (10th Cir. 2012); *see also Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[2] Mr. Webster doesn't specify which of the two parts of Amendment 821 purportedly apply to his sentence. *See generally* Doc. 31. It's nonetheless obvious that Amendment 821's Zero-Point Offender provision doesn't apply here because Mr. Webster isn't a zero-point offender. He's anything but—he amassed 14 criminal-history points, placing him in the highest criminal-history category recognized by the Guidelines. Doc. 26 at 13 (PSR ¶ 45).

*Amendment 821*, https://www.ussc.gov/guidelines/amendment/821 (last visited Dec. 16, 2025). The Guidelines previously added two criminal-history "points if the defendant committed the instant offense while under any criminal justice sentence[.]" U.S.S.G. § 4A1.1.(d) (2021). Following Amendment 821, the Guidelines now add just one-criminal history point if the defendant committed the offense while under a criminal-justice sentence—and only if the defendant received seven or more criminal-history points. U.S.S.G. § 4A1.1.(e) (2024).

Amendment 821 took effect on November 1, 2023. The Probation Office filed Mr. Webster's Presentence Investigation Report (PSR) on January 15, 2025. *See generally* Doc. 26. And it already incorporates Amendment 821's changes. The PSR calculates Mr. Webster's subtotal criminal-history score of 13 and notes that he committed the offense while under a criminal-justice sentence. *Id.* at 13 (PSR ¶¶ 43–44). Consistent with the amendment imposed by Amendment 821, the PSR then adds just one additional point, for a total criminal-history score of 14. *Id.* (PSR ¶¶ 44–45). The court adopted the PSR without change at sentencing. Doc. 30 at 1.

So, Mr. Webster already has received the benefit of Amendment 821, and the court may not reduce his sentence any more. *United States v. C.D.*, 848 F.3d 1286, 1289 (10th Cir. 2017) (explaining that, to secure sentence reduction under § 3582(c)(2), "the defendant must show he was sentenced based on a guideline range the Sentencing Commission lowered subsequent to defendant's sentencing" and if the defendant fails to make this showing, "the district court lacks jurisdiction over the defendant's motion and the motion must be dismissed").

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant Vernon Webster's Motion to Reduce Sentence (Doc. 31) is dismissed.

**IT IS SO ORDERED.**

**Dated this 17th day of December, 2025, at Kansas City, Kansas.**

                                                            **s/ Daniel D. Crabtree**
                                                            **Daniel D. Crabtree**
                                                            **United States District Judge**